McGREGOR W. SCOTT
United States Attorney
KATHERINE E. SCHUH
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099



FILED

SEP 2 3 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
     DEPUTY CLERK

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR 0062 LJO-SKO |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: 9/23/19 |
| | TIME: |
| SHELDON KING, | COURT: Hon. Lawrence J. O'Neill |
| Defendant. | |

## I.     **INTRODUCTION**

### A.     Scope of Agreement

The superseding indictment in this case charges the defendant with a violation of 18 U.S.C. § 922(g)(1). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.     Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in

the superseding indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.   DEFENDANT'S OBLIGATIONS

### A.   Guilty Plea

The defendant will plead guilty to Count One of the superseding indictment. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B.   Sentencing Recommendation

The defendant and his counsel may recommend whatever sentence they deem appropriate.

### C.   Special Assessment

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. If the defendant is unable to pay the special assessment at

1   the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating

2   in the Inmate Financial Responsibility Program.

3   **D.      Defendant's Violation of Plea Agreement or Withdrawal of Plea**

4          If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw

5   his plea, this plea agreement is voidable at the option of the government.  The government will no longer

6   be bound by its representations to the defendant concerning the limits on criminal prosecution and

7   sentencing as set forth herein.  One way a defendant violates the plea agreement is to commit any crime

8   or provide any statement or testimony which proves to be knowingly false, misleading, or materially

9   incomplete.  Any post-plea conduct by a defendant constituting obstruction of justice will also be a

10   violation of the agreement.  The determination whether the defendant has violated the plea agreement

11   shall be decided under a probable cause standard.

12          If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the

13   government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded

14   guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file

15   any new charges that would otherwise be barred by this plea agreement.  The defendant shall thereafter

16   be subject to prosecution for any federal criminal violation of which the government has knowledge,

17   including perjury, false statements, and obstruction of justice.  The decision to pursue any or all of these

18   options is solely in the discretion of the United States Attorney's Office.

19          By signing this plea agreement, the defendant agrees to waive any objections, motions, and

20   defenses that the defendant might have to the government's decision to exercise the options stated in the

21   previous paragraph.  Any prosecutions that are not time-barred by the applicable statute of limitations as

22   of the date of this plea agreement may be commenced in accordance with this paragraph,

23   notwithstanding the expiration of the statute of limitations between the signing of this plea agreement

24   and the commencement of any such prosecutions.  The defendant agrees not to raise any objections

25   based on the passage of time with respect to such counts including, but not limited to, any statutes of

26   limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth

27   Amendment to any counts that were not time-barred as of the date of this plea agreement.

28          In addition: (1) all statements made by the defendant to the government or other designated law

enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### III.     THE GOVERNMENT'S OBLIGATIONS

**A.     Dismissals**

The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in II.D (Defendant's Violation of Plea Agreement), VI.B (Guidelines Calculations), and **Error! Reference source not found.** (Waiver of Appeal) herein.

**B.     Recommendations**

    1.     Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense, as determined by the Court.

    2.     Acceptance of responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**C.     Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney,

1  Probation, or the Court.  The defendant also understands and agrees that nothing in this Plea Agreement

2  bars the government from defending on appeal or collateral review any sentence that the Court may

3  impose.

### IV.    ELEMENTS OF THE OFFENSE

5  At a trial, the government would have to prove beyond a reasonable doubt the following

6  elements of the offense(s) to which the defendant is pleading guilty:

7  As to Count One, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1):

8  First, the defendant knowingly possessed a firearm, to wit, one or more of the following:

9  (1) an AK-style, .545 by 39mm caliber machine gun rifle with serial number 88056735;

10  (2) a Norinco, Model 1911, .45 caliber pistol with serial number 305820;

11  (3) an A.A. Arms, Model AP9, .9mm caliber pistol with serial number 049352; and/or

12  (4) an Hermann Weihrauch, Model HW357, .357 caliber revolver with serial number

13  1001991; and

14  Second, the firearm(s) had been shipped or transported in interstate or foreign commerce;

15  Third, at the time the defendant possessed the firearm(s), the defendant knew that he had been

16  convicted of a crime punishable by imprisonment for a term exceeding one year.

17  The defendant fully understands the nature and elements of the crimes charged in the

18  superseding indictment to which he is pleading guilty, together with the possible defenses thereto, and

19  has discussed them with his attorney.

### V.    MAXIMUM SENTENCE

21  **A.    Maximum penalty**

22  The maximum sentence that the Court can impose is 10 years of incarceration, a fine of

23  $250,000, up to a three-year period of supervised release, and a special assessment of $100.  In addition,

24  the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21

25  U.S.C. § 862.

26  **B.    Violations of Supervised Release**

27  The defendant understands that if he violates a condition of supervised release at any time during

28  the term of supervised release, the Court may revoke the term of supervised release and require the

1    defendant to serve up to two years of additional imprisonment.

2                              VI.      **SENTENCING DETERMINATION**

3          **A.      Statutory Authority**

4          The defendant understands that the Court must consult the Federal Sentencing Guidelines and

5    must take them into account when determining a final sentence.  The defendant understands that the

6    Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the

7    Sentencing Guidelines and must take them into account when determining a final sentence.  The

8    defendant further understands that the Court will consider whether there is a basis for departure from the

9    guideline sentencing range (either above or below the guideline sentencing range) because there exists

10   an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

11   consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further

12   understands that the Court, after consultation and consideration of the Sentencing Guidelines, must

13   impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

14         **B.      Guideline Calculations**

15         The government and the defendant agree that the following is their present best estimate of the

16   sentencing guidelines variables.  These estimates shall not be binding on the Court, the Probation Office,

17   or the parties:

18   | Base Offense Level: | +26 | [§2K2.1(a)(1)] |
19   Specific Offense Characteristics:

|  |  |  |
|---|---|---|
|  | +2 | [§ 2K2.1(b)(4)] |
|  | +2 | [§ 2K2.1(b)(1)(A)] |
|  | -1 | [2K2.1(b)(4)] |

21   Victim-related Adjustments:
     Role in the Offense Adjustment:
22   Obstruction Adjustment:
23   Adjusted Offense Level:
     Acceptance of Responsibility:                         -3    [§ 3E1.1(a)&(b)]

24
     *Criminal History Category: IV*
25
     Departures:                                        ‾‾‾‾‾‾
26
27   **Sentencing Range:**                        **26/IV = 92-115 months**

28         The parties agree that they will not seek or argue in support of any other specific offense

characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or adjustment based on defendant's post-plea obstruction of justice (§ 3C1.1). Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220 (2005).

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a). As indicated in Section III.B.1, the government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense, as determined by the Court.. The government may recommend whatever it deems appropriate as to all other aspects of sentencing.

## VII.   WAIVERS

### A.   Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B.   Waiver of Appeal, Reservation of Certain Appellate Rights, and Waiver of Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. Except as set forth in the following paragraph, the defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence.

Notwithstanding the defendant's waiver of appeal, the defendant retains the right to appeal the order denying his motion to suppress evidence filed on June 13, 2019 (Docket No. 19). The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal any sentence imposed. Acknowledging this, with the exception of his right to appeal the denial of his

1  motion to suppress evidence, the defendant knowingly and voluntarily agrees to waive all Constitutional

2  and statutory rights to appeal his conviction and sentence, including an express waiver of appeal of this

3  plea (including venue and statute of limitations issues) and to attack collaterally his mental competence,

4  and his plea, or his sentence, including filing a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 8

5  U.S.C. § 3742, or otherwise, except as expressly provided in this paragraph.

6  Notwithstanding the defendant's waiver of appeal as set forth above, the defendant will retain the

7  right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District

8  Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The

9  defendant understands that these circumstances occur infrequently and that in almost all cases this

10  Agreement constitutes a complete waiver of all appellate rights.

11  **C.   Waiver of Attorneys' Fees and Costs**

12  The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-

13  119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the

14  investigation and prosecution of all charges in the above-captioned matter and of any related allegations

15  (including without limitation any charges to be dismissed pursuant to this plea agreement and any

16  charges previously dismissed).

17  **D.   Impact of Plea on Defendant's Immigration Status**

18  Defendant recognizes that pleading guilty may have consequences with respect to his

19  immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes

20  are removable offenses, including offense(s) to which the defendant is pleading guilty. The defendant

21  and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an

22  aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC §

23  1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings

24  to avoid or delay removal, it is virtually certain that defendant will be removed. Indeed, because

25  defendant is pleading guilty to 18 U.S.C. § 922(g)(1), removal is presumptively mandatory. Removal

26  and other immigration consequences are the subject of a separate proceeding, however, and defendant

27  understands that no one, including his attorney or the district court, can predict to a certainty the effect

28  of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty

PLEA AGREEMENT                    8

regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## VIII.    ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.    APPROVALS AND SIGNATURES

### A.    Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: _____9-23-19_____          _____
                                  Eric Christensen
                                  Counsel for Defendant

### B.    Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: _____9-23-19_____          _____
                                  SHELDON KING, Defendant

///
///
///

1  **C.    Attorney for the United States**

2      I accept and agree to this plea agreement on behalf of the government.

3  Dated:    9/20/19                                McGREGOR W. SCOTT
                                                     United States Attorney
4

5                                        By:    _____
                                                KATHERINE E. SCHUH
6                                                Assistant United States Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "A"**
**Factual Basis for Plea**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On January 8, 2019, police officers searched the residence of Sheldon King ("King" or "Defendant"), located at 1524 East Lester Avenue, Fresno, in the County of Fresno, State and Eastern District of California. During the search, officers located four firearms: a Norinco, Model 1911, .45 caliber pistol with a compatible magazine containing approximately seven rounds of ammunition, an A.A. Arms, Model AP9, .9mm caliber pistol with a compatible magazine containing approximately 20 rounds of ammunition, a Hermann Weihrauch, Model HW 357, .357 caliber revolver and a box of .357 ammunition, and an AK-style .545 by 39mm caliber machine gun rifle (collectively, the "firearms"). Defendant agrees that the firearms were in his possession. Defendant further agrees the AK-style rifle is a fully automatic weapon, and that it was determined to have been stolen from the United States Army base at Fort Irwin, California.

The firearms were not manufactured in the State of California, and therefore travelled in interstate and/or foreign commerce.

Defendant is a convicted felon prohibited from possessing firearms and ammunition. On July 23, 2004, he was convicted in Fresno County Superior Court of Corporal Injury to a Spouse or Cohabitant, a felony, in violation of California Penal Code Section 273.5(a). On February 8, 2006, he was convicted in Fresno County Superior Court of Transportation of a Controlled Substance – Cocaine, a felony, in violation of California Health & Safety Code Section 11352(a). Defendant agrees that he knew at the time that he possessed the firearms that he knew that he had been convicted of crimes punishable by a term of imprisonment exceeding one year and was prohibited from possessing firearms.

Defendant Sheldon King agrees that he knowingly possessed the firearms, which had been shipped or transported in interstate and/or foreign commerce, subsequent to sustaining two felony convictions.

Dated:    9-22-19                         _____
                                          SHELDON KING, Defendant

PLEA AGREEMENT                                    A-1