UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHELDON KING,<br><br>Defendant. | No. 1:19-cr-00062-NONE-SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL<br><br>(Doc. No. 70) |

## BACKGROUND

On September 23, 2019, defendant Sheldon King pled guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 30, 31.) Pursuant to his plea of guilty, on January 6, 2020, he was sentenced to 90 months imprisonment in the custody of the U.S. Bureau of Prisons. (Doc. No. 42.) Thereafter, defendant appealed from his judgment of conviction and sentence to the Ninth Circuit Court of Appeals. (Doc. No. 47.) On May 8, 2020 defendant moved in this court for his release on bail pending appeal. (Doc. No. 70. The governments has opposed that motion and defendant has filed a reply. (Doc. Nos. 73, 75.) For the reasons set forth below, defendant's motion for bail pending appeal will be denied.

Upon his appearance in this action after being charged by way of criminal complaint, the duty magistrate judge ordered defendant detained pursuant to 18 U.S.C. § 3142 based upon the finding that "no condition or combination of conditions will reasonably assure the safety of any

1

other person and the community" if defendant were to be released.  (Doc. No. 7.)  The magistrate judge noted that defendant was charged with a serious crime of violence and he had a significant prior criminal record with a history of probation and parole violations.  (*Id.*)  At the detention hearing, the magistrate judge noted that even though defendant's criminal history was "somewhat dated," it was nonetheless "serious."  (Doc. No. 62 at 8.)  Additionally, the magistrate judge found "troubling" the fact that defendant had "a history of parole and probation violations, which doesn't bode well for the ability to follow orders" from the court.  (*Id.* at 9.)

After being ordered detained, defendant moved for bail review based upon new or additional information.  (Doc. No. 12.)  A hearing was held on defendant's motion at which time the government provided additional information regarding four firearms seized from defendant's residence, including one fully automatic machine gun found in the garage (which was not secured and was accessible to all occupants) and two firearms recovered from a child's bedroom.  (*Id.* at 10–11.)  The remaining firearm, according to the government, "was loaded and under the bed in the master bedroom," presumably where defendant slept.  (*Id.* at 9.)  Based on this and other evidence, the magistrate judge denied defendant's motion for bail review.  (*Id.* at 12.)

## LEGAL STANDARD

Under 18 U.S.C. § 3143(b), a defendant found guilty of an offense and sentenced to a term of imprisonment must be detained during the pendency of appeal unless the court finds the defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released" and that "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . (i) reversal, . . . [or] (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C. § 3143(b)(1)(A)–(B)(i), (iv).  If the court makes such a finding under subsection (B)(iv), it must "order the detention terminated at the expiration of the likely reduced sentence."  Id. § 3143(b)(1).  "[A] 'substantial question' is one that is 'fairly debatable,'. . . or 'fairly doubtful.'"  *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations omitted).  In other words, "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous."  *Id*. (citation omitted).  Thus, "[t]he defendant ...

2

need not, under *Handy*, present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions." *United States v. Garcia*, 340 F.3d 1013, 1021 n.5 (9th Cir. 2003). The defendant bears the burden of showing he has raised a "fairly debatable" issue on appeal. *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

## DISCUSSION

Here, defendant King has failed to demonstrate that he is unlikely to "pose a danger to the safety of any other person or community if released." *See* § 3143(b)(1)(A). The court notes that prior to his entry of his guilty plea to the charge of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), defendant King had been ordered detained by two magistrate judges of this court based upon the finding by a preponderance of the evidence that no condition or combination of conditions would reasonably assure his appearance as required and that by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community were he to be released. (Doc. Nos. 7, 17.) In his motion for bail pending appeal now pending before this court, defendant argues he is not a danger to the community because his prior criminal history "is very old" and because he "has never used a gun to commit a crime." (Doc. No. 70 at 5.) The argument is wholly unpersuasive. As the magistrate judges found in ordering his pretrial detention, although defendant's prior convictions are "somewhat dated," they are nonetheless "serious." (Doc. No. 62 at 8.) Defendant's argument based upon his conduct since 2012 (Doc. No. 70 at 5), does not support his pending motion for release on bail pending appeal because, as noted above, he pled guilty to being a convicted felon in possession of a firearm in this case in 2019 and is now serving the 90 month prison sentence imposed in January of this year pursuant to that guilty plea. (Doc. No. 30, 31 40, 42.) Second, the circumstances of this case, including the types of firearms possessed by defendant and where they were recovered at his residence, indicate that the circumstances of his crime of conviction were particularly serious.

Defendant King also suggests in passing that his release on bail pending appeal is supported by concerns related to the COVID-19 pandemic. (Doc. Nos. 70 at 6, 75 at 4.) There

can be no question that COVID-19 has adversely impacted FCI Lompoc, where defendant King is currently imprisoned. *See, e.g., United States v. Connell*, No. 18-CR-00281-RS, 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020) ("FCI Lompoc . . . is among the worst coronavirus hotspots in the nation.") (internal quotations and citation omitted). While the court is sympathetic to the issues raised by COVID-19's spread throughout some Bureau of Prisons institutions, defendant cites no authority (and the court has discovered none) suggesting that COVID-19 should be considered in the court's determination as to whether defendant meets the threshold requirements for the granting of bail pending appeal under § 3143(b)(1)(A) and (B). *See United States v. Gutierrez-Gomez*, No. 2:19-CR-0006-KJM, 2020 WL 2556942, at *4 (E.D. Cal. May 20, 2020) (finding COVID-19's spread throughout certain correctional facilities has no bearing on court's determination of the propriety of release pending appeal); *see also United States v. Singh*, No. 2:14-CR-00648-CAS, 2020 WL 2768848, at *7 (C.D. Cal. May 27, 2020) ("[D]efendant's generalized COVID-19 concerns do not provide a basis for granting defendant bail pending his appeal.") (and cases cited therein).

## CONCLUSION

For the reasons set forth above, defendant has failed to demonstrate that he is neither a flight risk nor unlikely to pose a danger to the community if released. In light of this finding, the court need not address whether he "raises a substantial question of law or fact" on appeal. Accordingly, defendant's motion for bail pending appeal (Doc. No. 70) is denied.

IT IS SO ORDERED.

Dated:   **June 24, 2020**

UNITED STATES DISTRICT JUDGE